UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 1:11-CV-24195-MGC

ROGER NUNEZ,

    Plaintiff,

v.

TRULUCK'S SEAFOOD, LLC,

    Defendants.
_____/

## DEFENDANT TRULUCK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FLSA COMPLAINT

Defendant Truluck's Seafood, LLC ("Truluck's" or "Defendant"), by and through its undersigned counsel, hereby files its Answer, Defenses, and Affirmative Defenses to the Complaint filed by Plaintiff Roger Nunez ("Plaintiff") and in support thereof states as follows:

1. In response to Paragraph 1 of the Complaint, Truluck's admits only that Plaintiff purports to bring this action on behalf of others similarly situated to redress alleged violations of the Fair Labor Standards Act ("FLSA"), but expressly denies that Plaintiff's claims have merit, that there are similarly situated employees, and that Plaintiff is entitled to the remedies he seeks. Truluck's denies the remaining allegations contained in Paragraph 1 of the Complaint.

### A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS

2. Truluck's denies the allegations contained in Paragraph 2 of the Complaint.

3. Truluck's denies the allegations contained in Paragraph 3 of the Complaint, including subparts a through g.

## B. THE EMPLOYER

4. Truluck's admits it has had gross volume sales of not less than $500,000 per annum. To the extent the allegations contained in Paragraph 4 constitute legal conclusions, no responsive pleading is required, and Truluck's denies the remaining allegations contained in Paragraph 4 of the Complaint.

## C. VENUE & JURISDICTION

5. In response to Paragraph 5 of the Complaint, Truluck's admits that Plaintiff purports to bring this action on behalf of others similarly situated to redress alleged violations of the FLSA, but expressly denies that Plaintiff's claims have merit, that there are similarly situated employees, referred by Plaintiff as "Servers" on whose behalf Plaintiff brings this action, and that Plaintiff is entitled to the relief he seeks. Truluck's denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. To the extent the allegations in Paragraph 6 constitute legal conclusions, no responsive pleading is required. To the extent any response is deemed required, those allegations contained in Paragraph 6 are denied.

7. To the extent the allegations contained in Paragraph 7 constitute legal conclusions, no responsive pleading is required. Truluck's denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Truluck's denies the allegations contained in Paragraph 8 of the Complaint as Plaintiff was never employed by, and never worked for the Defendant.

CASE NO. 11-CV-24195-MGC

## COUNT I

## RECOVERY OF MINIMUM WAGE VIOLATIONS AGAINST THE EMPLOYER

9. Truluck's reaffirms and reavers its prior admissions and denials to Paragraphs 1 - 8 of the Complaint as restated in Paragraph 9 of the Complaint.

10. Truluck's denies the allegations in Paragraph 10 of the Complaint.

11. Truluck's denies the allegations contained in Paragraph 11 of the Complaint.

12. To the extent the allegations contained in Paragraph 12 constitute legal conclusions, no responsive pleading is required, and Truluck's denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Truluck's denies the allegations contained in Paragraph 13 of the Complaint.

14. Truluck's denies the allegations contained in Paragraph 14 of the Complaint.

15. Truluck's denies the allegations contained in Paragraph 15 of the Complaint.

16. In response to the unnumbered "WHEREFORE" paragraph following Paragraph 15 of the Complaint, Truluck's denies Plaintiff is entitled to the relief sought or to any relief whatsoever, and denies any remaining allegations.

17. Any allegations contained in the Complaint which have not been expressly admitted herein, are denied in their entirety.

18. Defendant admits that Plaintiff purports to demand a trial by jury for Count I. But Defendant denies that Plaintiff is entitled to a jury trial on his injunctive or equitable claims or remedies.

## AFFIRMATIVE DEFENSES

Subject to and without waiving the above denials, Defendant alleges the following further and separate defenses and affirmative defenses:

1. Plaintiff has served an improper party in this action.

2.   The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

3.   Plaintiff was never employed by, and never worked for Defendant.

4.   Plaintiff's and purported putative collective action members' claims are barred, in whole or in part, by the applicable statute of limitations for their failure to raise claims in a timely manner.

5.   Plaintiff's claims are barred by the failure to properly opt-in to this action.

6.   Any amount due to Plaintiff and/or purported putative collective action members should be set off by payments they received from Truluck's.

7.   Plaintiff's and/or putative collective action members' claims are barred because the time periods for which they are claiming entitlement are *de minimis*.

8.   Plaintiff's and purported putative collective actions members' claims are barred to the extent that they performed duties excluded from the overtime requirements of the FLSA.

9.   Plaintiff's and purported putative members' claims are barred as to all hours allegedly worked of which Truluck's lacked actual or constructive knowledge.

10.  If Plaintiff proves that Defendant acted in violation of the FLSA, such actions were not willful, knowing, or in reckless disregard for the law, but rather were in good faith and based on reasonable belief that such actions were not in violation of the FLSA and all other applicable laws.

11.  Defendant relied in good faith on written administrative regulations, orders, rulings, approvals, and/or interpretations issued by the Department of Labor's Wage and Hour Division.

12.  Defendant invokes the defenses, protections, and limitations of the FLSA, 29 U.S.C. § 201, *et seq.*

13. This action is barred to the extent Plaintiff and purported putative members seek recovery for time that is not compensable time under the FLSA, *i.e.* "hours worked."

14. Plaintiff's and putative collective action members' claims are barred to the extent they seek remedies beyond those provided for by the FLSA.

15. Some or all of Plaintiff's and putative collective action members' claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA.

16. Some or all of Plaintiff's and putative collective action members' claims are barred as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

17. Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because he failed to define the potential opt-ins to the collective action clearly and objectively and cannot identify a group of "similarly situated" employees.

18. Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because the purported collective action, as defined in the Complaint, is overly broad, patently unmanageable, and would not serve the interests of judicial economy.

19. Plaintiff is not entitled to certification under 29 U.S.C. § 216(b) because Truluck's did not maintain a common plan or corporate policy affecting all members of the purported collective action, as defined in the Complaint.

20. Some or all of the purported claims in the Complaint are barred as to such claims asserted on behalf of "similarly situated" individuals, if any, who do not give their consent in writing to become party plaintiffs and/or whose express written consent is not filed with the court.

21. Plaintiff's attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiff's claims and the claim of each putative collective action member and each of Truluck's defenses is required.

22. Plaintiff's claims cannot be properly joined with the claims of any putative collective action members.

23. Plaintiff's claims and the putative collective action members' claims are barred in whole or in part by estoppel.

24. Plaintiff's claims and the putative collective action members' claims fail as a matter of law to the extent that they have been waived and/or released.

25. Plaintiff has failed to establish the requisite elements for injunctive relief and as such is not entitled to injunctive relief.

26. Because an adequate legal remedy for Plaintiff's claims exists, Plaintiff is not entitled any equitable relief.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, Defendant Truluck's respectfully requests that this Court dismiss Plaintiff's case in entirety with prejudice, enter judgment against Plaintiff and award Truluck's any other relief deemed proper, including but not limited to attorney's fees, costs and expert witness fees, pursuant to FED. R. CIV. P. 11, 28 U.S.C. § 1927, and the Court's inherent power.

CASE NO. 11-CV-24195-MGC

Respectfully submitted this 29th day of November, 2011.

>Elizabeth M. Rodriguez
>Florida Bar No. 821690
>FORD & HARRISON LLP
>100 S.E. 2nd Street, Suite 2150
>Miami, Florida 33131
>Telephone: (305) 808-2100
>Facsimile: (305) 808-2101
>erodriguez@fordharrison.com
>
>**s/Elizabeth M. Rodriguez**
>Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of November, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>**s/Elizabeth M. Rodriguez**

## SERVICE LIST

Lawrence J. McGuinness,
McGuinness & Gonzalez, P.A.
Florida Bar No. 814611
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Telephone:  (305) 448-9557
Facsimile:  (305) 448-9559
ljmpalaw@netzero.com
Attorney for Plaintiff Roger Nunez
(via CM/ECF)

Miami:171738.1